By the Court,

Cowen, J.
The plaintiff in error insists, in addition to the points raised on the trial, that the declaration is defective in not charging him as superintendent, and averring the facts necessary within the statute, upon which alone he could be made liable. There is clearly no foundation for the last objection. The defendant had entered upon the labor of repairs; and if liable at all, was properly treated by the plaintiff below as a private wrongdoer. This is not an action for nonfeasance in omitting repairs, which the defendant below was bound to perform in his character of superintendent. In the latter view, the plaintiff below would perhaps have been bound before he could maintain any action, not only to show that the defendant held the office, but other facts necessary to fix upon him the duty of repairing. If funds were necessary, perhaps they should have been shown. Not so where he has entered upon his work, and the injury arises from his mismanagement. His obligation to avoid negligence was incident to the business he was prosecuting, whether in a public office or as a private person; whether his acts were with or without funds; for a reward, or merely gratuitous. The case is no longer one of mere nonfeasance, but of misfeasance. The second point made upon the trial is untenable for the same reason.
The next question is, whether the defendant below, who was guilty of no personal negligence, was answerable for that of his servants. That he was an officer in the service of the state, is certainly no answer to the action, as was said at the bar, any more than it would be in favor of a sheriff sued for the negligence of his deputy in omitting to arrest, or suffering a negligent escape.
Then, was he the mere agent intermediate the people and the canal *144 commissioners, and the workmen employed in the repair of the bridge, so that the commissioners should be resorted to, or the plaintiff below be driven to a remedy against the people. The duty of the superintendent is declared by 1 R. S. 221, 2d ed. § 116, 117. He is to keep in repair such sections of the canal as shall be committed to his charge, make all necessary contracts, and expend moneys placed in his hands for these purposes. In all these matters, he is declared to be under the direction of the canal commissioners; that is the general direction; not in every act which he does specifically; nor need he wait to hear from the commissioners before stopping a breach in the canal bank. He is a state officer, subject to a board of control. So are the commissioners in many respects. He is none the less an officer because subject to summary removal (1 R. S. 104, § 6); or summary supervision (id. 208, § 32), no more than tlie lieutenant in the navy, in Nicholson v. Mounsey (15 East, 384), who was yet held personally liable and solely liable for negligence in conducting the ship, though his captain was on board. The distinctions taken in Nicholson v. Mounsey, and the authorities there cited, 15 East, 391, 2 Am. ed. and note, 1, are abundant in support of this action, and the judgment must be affirmed.